IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TOMMY LEE FAIRCLOTH, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-091 |
| | ) | |
| STAN SHEPARD, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

I.  **BACKGROUND**

Petitioner commenced this action in the Northern District of Georgia, challenging the revocation of his probation in a proceeding conducted in Montgomery County, Georgia, in February of 2015. It is clear from the petition that Petitioner failed to exhaust state remedies. As Petitioner is challenging a judgment entered in a court within the Southern District of Georgia, United States District Judge Timothy C. Batten, Sr., transferred the case to this District. Because Petitioner never paid the $5.00 filing fee or filed a motion to proceed *in forma pauperis* ("IFP") when he commenced the case in the Northern District, upon the

arrival of the case in this District, the Clerk issued a deficiency notice instructing Petitioner to submit the $5.00 filing fee or an IFP motion within fourteen days. (See doc. no. 7.) Petitioner did not respond.

On November 16, 2015, this Court entered an Order explaining that to properly commence a § 2254 action, Petitioner must either pay the $5.00 or move to proceed IFP. (See doc. no. 8 (citing Loc. R. 4.1 and 28 U.S.C. § 1914(a)). The Court also afforded Petitioner fourteen additional days to file his IFP motion or pay the $5.00 filing fee. (Id. at 2.) Petitioner was warned that failure to comply would result in dismissal of this case without prejudice. (Id.) Petitioner has not responded to the Court's Order.

## II. DISCUSSION

### A. The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

The exact nature of Petitioner's claim for federal habeas relief is not clear because of the lack of detail provided in his petition, but it appears as though Petitioner claims that his probation was improperly revoked based on a failure to notify his probation officer of an address change over which he had no control. (Doc. no. 1, pp. 1, 6.) The petition is clear, however, that Petitioner did not file an appeal. (Id. at 2.) Nor does Petitioner indicate that he filed for any type of collateral relief in the state courts after the entry of judgment in February of 2015.

#### 1. The Exhaustion Requirement.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) &

(c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

### 2. Petitioner Failed to Exhaust State Remedies.

Petitioner does not allege that he has invoked any state court remedies. To the contrary, as explained above, he affirmatively states that he pursued no direct appeal, and he provides no indication that he filed for any type of collateral relief in the state courts after the entry of judgment in February of 2015. (See doc. no. 1, pp. 1-4.) Nothing in Petitioner's filing suggests that he has been prevented from asserting his current claims in a state court proceeding. Indeed, Georgia case law is clear that state habeas corpus procedures are available to challenge

3

revocation of probation. See, e.g., Wilson v. Windsor, 630 S.E.2d 367, 368 (Ga. 2006) (utilizing state habeas petition for relief after probation revocation proceedings); Harvey v. Meadows, 626 S.E.2d 92, 94 (Ga. 2006) (same); Postell v. Humphrey, 604 S.E.2d 517, 518 (Ga. 2004) (same). As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so that he can first give the state courts an opportunity to address his claims.

**B. The Petition Also Should Be Dismissed Because Petitioner Failed to Comply with the Court's Order to File an IFP Motion or Pay the $5.00 Filing Fee.**

As described above, the Clerk and the Court have informed Petitioner of the need to file an IFP motion or pay the $5.00 filing fee. (See doc. nos. 7, 8.) The Court's November 16, 2015 Order stressed the importance of Petitioner's compliance, warning him that failure to comply would result in dismissal of this case without prejudice. (Doc. no. 8, p. 2.) Nevertheless, Petitioner has not submitted an IFP motion or paid the filing fee. In fact, he has not communicated with the Court at all.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss

any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Additionally, the Local Rules also permit a judge to dismiss an action for want of prosecution for "[w]illful disobedience or neglect of any order of the Court." Loc. R. 41.1(b). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Thus, even if Petitioner had exhausted state remedies, which he has not, his case is also subject to dismissal for failure to comply with the Court's November 16, 2015 Order.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA